UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JON MICHAEL ASK, ) <br> ) <br> Defendant. ) | Criminal No. 24-025 (ECT/TNL) <br><br> DEFENDANT'S PRETRIAL MOTION <br> TO SUPPRESS STATEMENTS |

Jon Michael Ask, through his undersigned attorney, respectfully moves the Court for an Order suppressing all statements, admissions and answers made by the defendant on the following two occasions:

1. On April 10, 2023, Mr. Ask was interrogated by members of the Kasson police department prior to his subsequent arrest that same day by the same officers. Mr. Ask believes that that any statements, admissions or answers made by him were made without the assistance or benefit of counsel in violation of the defendant's Fifth Amendment and Sixth Amendment rights under the Constitution of the United States. Before statements made by the accused can be admitted into evidence in the case in chief, the government must establish that proper warnings concerning certain fundamental constitutional rights were given to the defendant. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Further, any statements, admissions, or answers made by Mr. Ask prior to his arrest were not given freely and voluntarily, thereby violating this defendant's rights under the Fourth

1

Amendment and Fifth Amendment to the Constitution of the United States. In addition to requiring that the government demonstrate compliance with Miranda's requirement that waiver be voluntary, the government must demonstrate that the statements have not been coerced in violation of the right against self-incrimination guaranteed by the Fifth Amendment. Michigan v. Tucker, 417 U.S. 433 (1974). A statement is voluntary when the statement was the product of a rational intellect and of free will. Blackburn v. Alabama, 361 U.S. 199 (1960). The determination of voluntariness takes place in light of all of the circumstances surrounding the confession or admission. The Court is free to consider factors including past history, education, physical condition and circumstances of the accused at the time the statement was given. Mincey v. Arizona, 437 U.S. 385 (1978); Schneckloth v. Bustamonte, 412 U.S. 218 (1973); Jackson v. Denno, 378 U.S. 368 (1964).

  2. On June 7, 2023, Mr. Ask was interrogated by two members of the Rochester police department. Mr. Ask believes that that any statements, admissions or answers made by him were made without the assistance or benefit of counsel in violation of the defendant's Fifth Amendment and Sixth Amendment rights under the Constitution of the United States. Before statements made by the accused can be admitted into evidence in the case in chief, the government must establish that proper warnings concerning certain fundamental constitutional rights were given to the defendant. Miranda v. Arizona, 384 U.S. 436 (1966). Further, any statements, admissions, or answers made by Mr. Ask prior to his arrest were not given freely and voluntarily, thereby violating this defendant's rights

under the Fourth Amendment and Fifth Amendment to the Constitution of the United States. In addition to requiring that the government demonstrate compliance with <u>Miranda</u>'s requirement that waiver be voluntary, the government must demonstrate that the statements have not been coerced in violation of the right against self-incrimination guaranteed by the Fifth Amendment. <u>Michigan v. Tucker</u>, 417 U.S. 433 (1974). A statement is voluntary when the statement was the product of a rational intellect and of free will. <u>Blackburn v. Alabama</u>, 361 U.S. 199 (1960). The determination of voluntariness takes place in light of all of the circumstances surrounding the interrogation. The Court is free to consider factors including past history, education, physical condition and circumstances of the accused at the time the statement was given. <u>Mincey v. Arizona</u>, 437 U.S. 385 (1978); <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218 (1973); <u>Jackson v. Denno</u>, 378 U.S. 368 (1964).

      This Motion is based on the Indictment, the records and proceedings herein, such testimony as may be presented at the motion hearing, any briefing which the court may require thereafter, and all other matters which may be presented prior to or at the time of the hearing of said motion.

Dated:   April 8, 2024                            Respectfully submitted,

                                                        *s/James S. Becker*

JAMES S. BECKER
Attorney ID No. 0388222
Attorney for Mr. Ask
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415